1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                     SAN FRANCISCO DIVISION

11   STACEY PIERCE-NUNES,                    No. C 14-00796 JST (LB)

12          Plaintiff,                       **ORDER REGARDING THE PARTIES'**
                                             **JOINT DISCOVERY DISPUTE LETTER**
13      v.                                   **DATED JUNE 26, 2014**

14   TOSHIBA AMERICA INFORMATION             [Re: ECF No. 39]
     SYSTEMS, INC.,
15
            Defendant.
16

17   _____/

18      The parties previously had a discovery dispute about discovery in aid of Plaintiff's opposition to

19   Toshiba's motion to transfer venue. *See* 6/19/14 Order, ECF No. 38 at 4.  The discovery allowed is

20   to illuminate information found in the declaration of Scott Ramirez, Toshiba's Vice President of

21   Marketing and Development for Visual Products. *See id.*  That declaration, which was a little over a

22   page, was filed in support of Toshiba's motion to transfer. *Id.*  Plaintiff wanted answers to

23   interrogatories first. *See id.* at 5.  The fact issues in the declaration and the proposed interrogatories

24   are about who had knowledge of the alleged false advertising about the "LED TV" at issue in the

25   litigation. *Id.* at 4-5.  The reason the information is important is that it illuminates where witnesses

26   are, which is an issue relevant to whether there is a nexus to this or other districts. *Id.* at 6.

27      Based in part on Toshiba's representations that Toshiba is a small company, and Mr. Ramirez is

28   the person in charge of marketing and the person with knowledge of the genesis of the alleged false

C 14-0796 JST (LB)
ORDER

*Vertical left margin:* UNITED STATES DISTRICT COURT For the Northern District of California

1  advertising, the court ruled that a half-day deposition of Mr. Ramirez is sufficient to address the

2  issues in the transfer motion, and it denied Plaintiff's request that Toshiba respond to his

3  interrogatories. *Id.* at 7.  Now the parties dispute whether the court ordered a fact-witness deposition

4  or a Rule 30(b)(6) deposition.  *See* 6/26/14 Joint Letter Brief, ECF No. 39 at 1-2.  Plaintiffs served

5  two notices of deposition, one in Mr. Ramirez's capacity as a fact witness and one in his capacity as

6  a Rule 30(b)(6) witness.  *See* ECF No. 31-2 and 31-3.  The first discovery letter brief, and the

7  hearing on it, did not address the type of deposition and instead focused on whether interrogatories

8  should happen first.  *See* 6/3/14 Joint Letter Brief, ECF No. 31.

9      The court-ordered deposition is intended to address the five topics raised in Mr. Ramirez's

10  declaration and summarized on page 4 of the court's June 19, 2014 order.  6/19/14 Order, ECF No.

11  38 at 4.  The Rule 30(b)(6) topics overlap with these topics but also are broader.  *See* ECF No. 31-3.

12      On this record, the court cannot see why Mr. Ramirez cannot testify as a Rule 30(b)(6) witness

13  on the topics that the court authorized previously.  Some of his statements (such as where employees

14  with responsibility for televisions in this litigation) are unequivocal.  *See* 6/19/14 Order, ECF No. 38

15  at 4.  Some are qualified (such as his statement that to his knowledge, there are no fact witnesses in

16  the Northern District of California).  *See id.*  The Rule 30(b)(6) topics that address the contents of

17  the declaration, the location of marketing operations, and the location of witnesses responsible for

18  the alleged false advertising all are fair discovery about the transfer motion.  *See* ECF No. 31-3.

19  Toshiba represented that Mr. Ramirez is the person with knowledge, and it seems appropriate that he

20  testify on behalf of the company on the narrow discovery that the court has ordered in aid of the

21  transfer motion.  And although the issue was not addressed explicitly in the prior letter brief or at the

22  hearing, the court assumed that the testimony would be in a Rule 30(b)(6) capacity.

23      If Toshiba really has a problem with this outcome, it can arrange a conference call by calling the

24  undersigned's courtroom deputy.  But the narrow scope of discovery and Toshiba's representations

25  about Mr. Ramirez make this a reasonable compromise.

26      This disposes of ECF No. 39.

27

28

1    **IT IS SO ORDERED.**

2    Dated:  June 26, 2014

3                                                  LAUREL BEELER
                                                   United States Magistrate Judge

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**UNITED STATES DISTRICT COURT**
**For the Northern District of California**

C 14-0796 JST (LB)
ORDER                                3