# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STACEY PIERCE-NUNES, on behalf of herself and all others similarly situated,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>TOSHIBA AMERICA INFORMATION SYSTEMS, INC.,<br><br>　　　　　Defendant. | Case No. 2:14-cv-007242-DMG-MAN<br><br>**PROTECTIVE ORDER ENTERED PURSUANT TO THE PARTIES' STIPULATION** |

## I. PURPOSES AND LIMITATIONS

Plaintiffs Stacey Pierce-Nunes and Aurelio Diaz, on behalf of themselves and all other potential members of the proposed Nationwide Class and the proposed New York and Florida Subclasses, as defined in the ¶¶ 63-65 of First Amended Complaint filed in the above captioned action (collectively, "Plaintiffs"), and Defendant Toshiba America Information Systems, Inc. ("TAIS," collectively with Plaintiffs, the "Parties"), through their respective counsel, have acknowledged that the discovery and pre-trial phases of this action are likely to involve the production and disclosure of confidential and proprietary business, technical, and/or financial information, for which special protection from public disclosure may be warranted. Accordingly, the Court now enters this Protective Order Regarding Confidential Information ("Order") Pursuant To The Parties' Stipulation.

## II. GOOD CAUSE STATEMENT

Federal Rule of Civil Procedure 26(c) requires parties to show good cause for the entry of a protective order by the Court. However, for stipulated protective orders concerning unfiled, pretrial discovery materials, a showing of good cause is not required. "While courts generally make a finding of good cause before issuing a protective order, a court need not do so where (as here) the parties stipulate to such an order." *In re Roman Catholic Archbishop of Portland in Oregon*, 661 F.3d 417, 424 (9th Cir. 2011); *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1131 (9th Cir. 2003) (noting a district court does not need to require a good cause showing for discovery documents not filed with the court "given the onerous burden document review entails"). The reason that a finding of good cause is not necessary before a court enters a stipulated protective order is that "[m]uch of the information that surfaces during pretrial discovery may be unrelated, or only tangentially related, to the underlying cause of action. Therefore, restraints placed on discovered, but not yet admitted, information are not a restriction on a traditionally public source of

information." *Foltz*, 331 F.3d at 1134.

While a showing of good cause is not required, good cause does appear to exist for the Court to enter this Order. This action appears likely to involve TAIS' confidential and proprietary business, technical, and/or financial information, for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. TAIS maintains the confidentiality of its proprietary business, technical, and financial information. For these reasons, good cause exists to protect such information.

The Parties shall not designate information as confidential for tactical reasons and nothing shall be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and that there is good cause to protect it.

### III. DEFINITIONS

**A.** <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information and/or items as confidential under this Order.

**B.** <u>"CONFIDENTIAL" Information or Item(s)</u>: information (regardless of how it is generated, stored, or maintained) or tangible things that are reasonably believed by a Party or Non-Party to be non-public, proprietary, and/or confidential, including, without limitation, information that a Party or Non-Party reasonably believes qualifies for protection under Federal Rule of Civil Procedure 26(c).

**C.** <u>Counsel (without qualifier)</u>: Outside Counsel of Record and In-House Counsel (as well as their respective support staffs).

**D.** <u>Designating Party</u>: a Party or Non-Party that designates as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information or items that she, he, or it produces in disclosures or in response to discovery, or in connection with any other pre-trial phase of this action.

2

**E.** <u>Disclosure or Discovery Material</u>: all information or items, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, declarations, and tangible things), that are produced or generated in disclosures or responses to discovery in this action, or in connection with other pre-trial phases of this action, whether such items or information are produced or generated prior to or after entry of this Order, and regardless of whether they are produced or generated by a Party or Non-Party.

**F.** <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who: (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action; (2) is not a current employee of an opposing Party or a current employee of an opposing Party's competitor; and (3) at the time of retention, is not anticipated to become an employee of an opposing Party's competitor.

**G.** <u>"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Item(s)</u>: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means. Such items may include, without limitation, trade secrets, strategic business plans, or new product development.

**H.** <u>In-House Counsel</u>: attorneys who are employees of a party to this action. In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

**I.** <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

**J.** <u>Outside Counsel of Record</u>: attorneys who are not employees of a Party to this action but are retained to represent or advise a Party to this action and have

3

appeared in this action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party.

**K.** <u>Party</u>: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

**L.** <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

**M.** <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

**N.** <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

**O.** <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

**IV. SCOPE**

The protections conferred by this Order cover not only Protected Material, but also: (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, communications concerning, or compilations of Protected Material; and (3) any testimony, communications, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by a separate agreement or order.

**V. DURATION**

The confidentiality obligations imposed by this Order shall remain in effect, even after final disposition of this litigation, until a Designating Party agrees in

4

writing that they are no longer in effect or a court specifically orders that they are no longer in effect. Final disposition shall be deemed to be the later of: (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

## VI. DESIGNATING PROTECTED MATERIAL

**A.** <u>Exercise of Restraint and Care in Designating Material for Protection.</u> Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. Mass, indiscriminate, or routinized designations are prohibited.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection or for the level of protection asserted, the Designating Party must promptly notify all other parties that it is withdrawing or changing the designation.

**B.** <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order, or as otherwise stipulated or ordered by the Court, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated.

Designation in conformity with this Order requires:

**1.** <u>For information in documentary form</u> (e.g., paper or electronic documents, but excluding transcripts of depositions), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains protected material.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection

5

and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") to each page that contains Protected Material, or to the first page of a multipage document if the entire document qualifies for protection under this Order.

    **2.** <u>For testimony given in depositions</u>, that the Designating Party shall have up to 15 days after it receives the transcript to identify all of the deposition testimony as protected, or identify specific portions of the testimony as to which protection is sought, and to specify the level of protection being asserted. If only specific portions of the deposition testimony are identified as protected, then only those portions of the testimony that are appropriately designated for protection within the 15 days after receipt of the transcript shall be covered by the provisions of this Order.

Deposition transcripts containing Protected Material shall have a clear legend or stamp on the title or cover page that the transcript contains Protected Material, and, where applicable, the title or cover page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any deposition transcript that is prepared before the expiration of a 15-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed on the record or in writing. After the expiration of that period, the deposition

transcript shall be treated only as actually designated.

        **3.** <u>For information produced in some form other than documentary and for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

    **C.** <u>Inadvertent Failures to Designate</u>. An inadvertent failure to designate qualified information or items does not, standing alone, waive the Producing Party's right to secure protection for such material under this Order. Upon correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**VII. CHALLENGING CONFIDENTIALITY DESIGNATIONS**

    **A.** <u>Challenges and Timing Thereof</u>. Any Party or Non-Party may challenge a designation of confidentiality, including whether a designation of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" should be limited to a designation of "CONFIDENTIAL." Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

    **B.** <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of this Order. The Parties shall attempt to resolve each challenge in good faith and shall resolve any disagreement in the same manner as any other discovery dispute.

**C.** <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without Court intervention, the Challenging Party may initiate a written stipulation in compliance with L.R. 37-2, *et. seq.* (and in compliance with L.R. 79-5, if applicable). Each such stipulation must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. The non-moving party shall be afforded at least 7 days to prepare its portion of the stipulation. In addition, the Designating Party may initiate the stipulation process to seek confirmation that a confidentiality designation is proper at any time if there is good cause for doing so, including by seeking confirmation of the confidentiality designation of a deposition or any other transcript or any portions thereof. Any such stipulation shall be subject to the same requirements, including L.R. 37-2, *et seq.*, as a stipulation seeking to remove confidentiality.

**VIII. ACCESS TO AND USE OF PROTECTED MATERIAL**

**A.** <u>Basic Principles</u>.

A Receiving Party may use Disclosure or Discovery Material by a Party or Non-Party in connection with the above-captioned action only for prosecuting, defending, or attempting to settle the above-captioned action. A Receiving Party may not use such Disclosure or Discovery Material for any other purpose, including, without limitation, for any other dispute or litigation matter, or for any business, competitive, governmental, improper, or other purpose or function, unless agreed to in writing and signed by the Parties or as authorized by further order of the Court.

All Disclosure or Discovery Material must be stored and maintained by a Receiving Party at a secure location and in a secure manner that ensures that access is limited to the persons authorized under this Order. Protected Material may be disclosed only to the categories of persons identified in this Order and under the conditions described in this Order. This Order does not affect the rights of the Parties to use their own confidential information; it only governs the rights of Receiving

Parties to use information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" by another Party or Non-Party. When the litigation has been terminated, a Receiving Party must comply with the provisions of Section XIII below.

**B.** <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

**1.** The Parties to this action;

**2.** The Receiving Party's Outside Counsel of Record in this action who are actively working on this action, as well as employees of said Outside Counsel of Record, but only those employees to whom it is reasonably necessary to disclose such information in order for the Outside Counsel of Record to be able to participate in this litigation;

**3.** The officers, directors, and employees (including In-House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

**4.** Experts of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

**5.** The Court and its personnel;

**6.** Court reporters and their staff, professional jury or trial consultants who are actively working on this action including mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

**7.** During their depositions, witnesses in the action to whom disclosure is reasonably necessary to the examination and who have signed the

9

"Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order;

**8.** The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

**9.** Any mediator or settlement officers, and their supporting personnel, who are mutually agreed upon by the Parties, and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

**C.** <u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

**1.** The Receiving Party's Outside Counsel of Record in this action who are actively working on this action, as well as employees of said Outside Counsel of Record, but only those employees to whom it is reasonably necessary to disclose such information in order for the Outside Counsel of Record to be able to participate in this litigation;

**2.** Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, and (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

**3.** The Court and its personnel;

**4.** Court reporters and their staff, professional jury or trial consultants who are actively working on this action including mock jurors, and Professional

Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

     **5.** The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

     **6.** Any mediator or settlement officers, and their supporting personnel, who are mutually agreed upon by the Parties, and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

## IX. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" that Party must:

    **A.** Promptly notify in writing each Designating Party. Such notification shall include a copy of the subpoena or court order;

    **B.** Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order; and

    **C.** Cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If a Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's written consent. The Designating Party shall bear the burden and expense of seeking protection of its confidential material, and nothing in these provisions should be construed as

authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

## X. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

**A.** The terms of this Order are applicable to Disclosure or Discovery Material produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Such Disclosure or Discovery Material produced by Non-Parties in connection with this litigation is protected by this Order.

**B.** In the event that a Party is required, by a valid discovery request in this litigation, to produce a Non-Party's confidential information that is in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

**1.** Promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

**2.** Promptly provide the Non-Party with a copy of the relevant discovery request(s) and a reasonably specific description of the information requested; and

**3.** Make the information requested available for inspection by the Non-Party.

**C.** If the Non-Party fails to object or seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court.

Absent a Court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

## XI. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately: (a) notify in writing the Designating Party of the unauthorized disclosures; (b) use its best efforts to retrieve all unauthorized copies of the Protected Material; (c) inform the person or persons to whom unauthorized disclosures were made of the relevant terms of this Order; and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

## XII. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

Inadvertent production of information subject to the attorney-client privilege, the attorney work product doctrine, and/or any other privilege shall not constitute a waiver of such privilege and/or protection consistent with the terms of Federal Rule of Evidence 502. When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d), disclosure of privileged material in connection with this litigation – inadvertent or otherwise – is not a waiver for purposes of any other federal or state proceeding.

## XIII. MISCELLANEOUS

**A.** <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any Party to seek its modification by the Court in the future.

13

**B.** <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Order, no Party has waived any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party has waived any right to object on any ground to the use in evidence of any of the material covered by this Protective Order.

**C.** <u>Filing Protected Material</u>. Without written permission from the Designating Party or a Court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with L.R. 79-5. Protected Material may only be filed under seal pursuant to a Court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the Court, then the Receiving Party may file the Protected Information in the public record, unless otherwise instructed by the Court.

## XIV. FINAL DISPOSITION

Within 60 days after the final disposition of this action, as defined in Section IV, each Receiving Party must return all Disclosure or Discovery Material to the Producing Party or destroy such material, except as otherwise required by law. As used in this subdivision, "all Disclosure or Discovery Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of such material. Whether the Disclosure or Discovery Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that: (1) identifies (by category, where appropriate) all the Disclosure or Discovery Material that was returned or destroyed; and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries, or any other format reproducing or capturing any of the Disclosure or Discovery Material, except

14

as otherwise required by law.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, consultant and expert work product, and any other materials that they are required by law or ethical obligation to maintain, even if such materials contain Disclosure or Discovery Material.  Any such archival copies that contain or constitute Disclosure or Discovery Material remain subject to this Protective Order as set forth in Section IV.

## XV.  VIOLATION OF THIS ORDER

Any violation of this Order may be punished by any and all appropriate measures, including, without limitation, contempt proceedings and/or monetary sanctions.

IT IS SO ORDERED.

DATED: August 7, 2015

*Margaret A. Nagle*

_____

MARGARET A. NAGLE
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A
# ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order Regarding Confidential Information ("Order") that was issued by the United States District Court for the Central District of California on _____ in the case of *Stacy Pierce-Nunes v. Toshiba America Information Systems, Inc.*, Case No. 2:14-cv-007242-DMG-MAN (C.D. Cal.). I agree to comply with and to be bound by all of the terms of this Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court presiding over this action for the purpose of enforcing the terms of this Order, even if such enforcement proceedings occur after termination of this action.


Date: _____

City and State where sworn and signed: _____

Printed name: _____
      [printed name]

Signature: _____
      [signature]